Arch Ins. Co. v Constructamax, Inc. (2022 NY Slip Op 06634)

Arch Ins. Co. v Constructamax, Inc.

2022 NY Slip Op 06634

Decided on November 22, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 22, 2022

Before: Renwick, J.P., Manzanet-Daniels, Oing, Moulton, González, JJ. 

Index No. 650109/11 Appeal No. 16718 Case No. 2022-01337, 2022-02494 

[*1]Arch Insurance Company et al., Plaintiffs-Respondents,
v
Constructamax, Inc., et al., Defendants-Appellants.

Georgoulis PLLC, New York (James G. Lainas of counsel), for appellants.
Torre, Lentz, Gamell, Gary & Rittmaster, LLP, Jericho (Brian E. Gunther of counsel), for respondents.

Judgment, Supreme Court, New York County (Gerald Lebovits, J.), entered September 16, 2021, awarding plaintiff damages in the amount of $35,635,479.10, unanimously affirmed, without costs.
Upon granting plaintiffs leave to reargue their motion for summary judgment on their indemnification claim, Supreme Court correctly determined that defendants failed to raise an issue of fact as to whether the parties had reached an accord and satisfaction (see generally Denburg v Parker Chapin Flattau & Klimpl, 82 NY2d 375, 383 [1993]). The integration clause in the parties' Completion Agreement barred any evidence of a prior accord to limit defendants' liability under the parties' general indemnification agreement (GIA) (see Matter of Primex Intl. Corp. v Wal-Mart Stores, 89 NY2d 594, 599-600 [1997]), and defendants failed to demonstrate that the parties reached such an agreement after execution of the Completion Agreement. The post-contract emails were insufficient to show an accord, as the emails did not reference defendants' liability under the GIA or evince a meeting of the minds on material terms (see Silber v New York Life Ins. Co., 92 AD3d 436, 439 [1st Dept 2012]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 22, 2022